UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>Plaintiff,<br><br>v.<br><br>BILL POLLEY and ALL OFFICERS ON DUTY ON JANUARY 13, 2017,<br><br>Defendants. | Case No. 1:21-cv-01107-HBK (PC)<br><br>ORDER TO SHOW CASUE WHY CLAIM IS NOT TIME BARRED OR OTHERWISE FINDING COMPLAINT FRIVOLOUS[1]<br><br>(Doc. No. 1)<br><br>SEPTEMBER 5, 2023, DEADLINE |

Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by John Paul Frank Schowachert—a prisoner. (Doc. No. 1, "Complaint"). Upon review, the Court finds the Complaint fails to state a federal claim. The Court affords Plaintiff the option to file an amended complaint or voluntarily dismiss his Complaint before recommending the district court dismiss this action.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131

n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . .." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## SUMMARY OF THE COMPLAINT

Plaintiff initiated this action on June 16, 2021, when he filed his pro se Complaint.  (Doc. No. 1).  The events giving rise to the complaint occurred while Plaintiff was confined in the Tuolumne County Jail.  (*Id*. at 2).  The Complaint identifies as Defendants: (1) Jail Commander Bill Polley, and (2) "all officers on duty on 1-13-2017."  (*Id*. at 1-2).  The Complaint is disjointed and contains rambling and unrelated sentences pertaining to Plaintiff's family.  (*See generally id*.).  To the extent discernable, on January 13, 2017, all corrections officers on duty at the Tuolumne County Jail conspired to murder Plaintiff.  (*Id*. at 3).  As a result, Plaintiff lost his wife, his house and suffered a traumatic brain injury and experiences seizures.  (*Id*.).  As relief, Plaintiff seeks $10,000,000.00 in damages.  (*Id*. at 6).

## APPLICABLE LAW AND ANAYSIS

### A.  Statute of Limitations

Initially, it appears Plaintiff's claim is barred by the statute of limitations.  For § 1983 actions, the statute of limitations is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California.  *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1.  California Code of Civil Procedure § 352.1(a) provides an additional two years for those imprisoned "for a term less than for life" when the cause of action accrues.  This limitations period is tolled while an inmate exhausts administrative remedies.  *Gilmore v. Silva*, 812 F. App'x 689, 690 (9th Cir. 2020).

If a complaint is untimely, it may still proceed if subject to equitable tolling.  *Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir.1999).  For equitable tolling to apply, plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff."  *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted.).

The applicable statute of limitations starts to run when a plaintiff knows or has reason to know of the injury that is the basis of his action—typically the date on which the injury actually occurs. *See Ward v. Westinghouse Can.*, 32 F.3d 1405, 1407 (9th Cir. 1994); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Here, Plaintiff states the event occurred on January 13, 2017. (Doc. No. 1 at 3). Thus, at the latest, his claim should have been brought no later than January 13, 2021. The Court will afford Plaintiff an opportunity to show cause why his complaint is not barred by the applicable statute of limitations before recommending dismissal.[2]

**B. The Complaint is Frivolous**

The Complaint contains only conclusory allegations that all correctional officers, who were working on January 13, 2017, conspired to murder him. The Complaint contains no facts to support the elements of a conspiracy claim, nor any other claim.

A pleading is "factual[ly] frivolous[ ]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). Courts have "the unusual power to pierce the veil" of a complaint and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.' " *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 32–28). A claim is factually frivolous if its allegations are bizarre, irrational or incredible. *Edwards v. Snyder* 478 F.3d 827, 829–830 (7th Cir.2007)

Allegations that correctional officials are conspiring to murder an inmate have been found to be fantastical and frivolous. *See Warfield v. California Att'y Gen.'s Off.*, No. 2:17-CV-2544 AC P, 2019 WL 4054021, at *2 (E.D. Cal. Aug. 28, 2019), *report and recommendation adopted,* No. 2:17-CV-02544-TLN-AC, 2019 WL 5617993 (E.D. Cal. Oct. 31, 2019) (dismissing without leave to amend complaint alleging that police department was engaged in conspiracy to commit murder, and various other state and federal crimes; *Campbell v. Baca*, No. 1:12-CV-00151-LJO,

---

[2] Plaintiff appears to acknowledge his claim is time barred but offers contradictory statements in the same sentence stating that it is both "past the statute of limitations" and that there is "no statute of limitations." (Doc. No. 1 at 3).

2012 WL 487034, at *2 (E.D. Cal. Feb. 14, 2012) (finding allegations of "murder conspiracy" frivolous); *Bradford v. Khamooshian*, No. 3:17-CV-2053-BAS-MDD, 2019 WL 3207957, at *12 (S.D. Cal. July 15, 2019) (finding claims of a vast conspiracy to murder inmate-plaintiff delusional).

The Court finds the instant Complaint both factually and legally frivolous. Nonetheless, the Court will first afford Plaintiff the opportunity to voluntarily dismiss this action or cure the complaint before recommending a dismissal of this action.

**OPTIONS**

To continue the prosecution of this action, **no later than September 5, 2023**, Plaintiff must show cause why this action is not subject to dismissal as barred by the applicable statute of limitations or otherwise frivolous. If the Court dismisses this case finding that the Complaint time barred or frivolous, the dismissal will count as a strike under the PLRA.[3] Alternatively, because no defendant has yet been served, Plaintiff may file a Notice of Voluntary Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) which would preclude this action as counting a strike under the PLRA. If Plaintiff fails to timely respond to this Court Order, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint is frivolous, which will count as strike under the PLRA. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED:**

1. **No later than September 5, 2023,** Plaintiff must show cause why this action is not subject to dismissal as barred by the applicable statute of limitations or otherwise frivolous. In the alternative, Plaintiff may file a Rule 41 Notice dated and signed under penalty of perjury to avoid a strike.

---

[3] Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.

Dated:     August 3, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE