UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>Plaintiff,<br><br>v.<br><br>BILL POLLEY and ALL OFFICERS ON DUTY ON JANUARY 13, 2017,<br><br>Defendants. | Case No. 1:21-CV-01107-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE[1]<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff John Paul Frank Schowachert, a prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff John Paul Frank Schowachert, a prisoner, initiated this action on June 16, 2021, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). Plaintiff initiated this action in the Sacramento Division of the Eastern District of California, and it was transferred to this Court. (Doc. Nos. 1, 6). The Complaint identifies as Defendants: (1) Jail Commander Bill Polley, and (2) "all officers on duty on 1-13-2017." (*Id*. at 1-2). The Complaint

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2022).

is disjointed, difficult to discern, and contains rambling and unrelated sentences pertaining to Plaintiff's family. (*Id*. at 3). Plaintiff alleges on January 13, 2017, all corrections officers on duty at the Tuolumne County Jail conspired to murder him. (*Id*. at 3). As a result, Plaintiff lost his wife, his house, suffered a traumatic brain injury, and experiences seizures. (*Id*.). As relief Plaintiff seeks $10,000,000.00 in damages. (*Id*. at 6).

On August 4, 2023, the undersigned issued an order to show cause directing Plaintiff to show cause why this action should not be dismissed because his claim is barred by the statute of limitations and because the Complaint is otherwise frivolous. (Doc. No. 10, "Order to Show Cause"). Plaintiff was directed to deliver his response to the show cause order to correctional officials for mailing no later than September 5, 2023. (*Id*. at 5 ¶ 1). The Court advised Plaintiff that he could alternatively file a notice of voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure to avoid a strike. (*Id*.). Finally, Plaintiff was advised that his failure to timely respond to the Order to Show Cause would result in the undersigned recommending the district court dismiss "this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint is frivolous[.]" (*Id*. at 5). As of the date of these Findings and Recommendations, Plaintiff has not filed a response to the Order to Show Cause and the time to do so has lapsed.[2]

## APPLICABLE LAW AND ANALSYIS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power

---

[2] As of the date of these Findings and Recommendations, 13 days have lapsed since the September 5, 2023 deadline, providing sufficient time for mailing.

2

to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Further, the Court's August 4, 2023 Order to Show Cause found the Complaint failed to state any cognizable claim because it was factually and legally frivolous. (*See* Doc. No. 10).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's August 4, 2023 Order to Show Cause expressly warned Plaintiff that his failure to comply with the Court's order would result in the undersigned recommending the district court to dismiss this action for Plaintiff's failure to comply with a court order and prosecute this case.  (*See* Doc. No. 10 at 5, 6 ¶ 2).  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of the Court randomly assign this case to a District Judge.

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute. Because the dismissal for failure to prosecute and obey a court order is <u>after</u> the Court screened the complaint and directed Plaintiff to file an amended complaint, this dismissal shall qualify as a strike for purposes of 28 U.S.C. § 1915. *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days of the date of service** of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  September 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5