**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>Plaintiff,<br><br>v.<br><br>BILL POLLEY,<br><br>Defendant. | Case No. 1:21-cv-01107-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br><br>Docs. 20, 21, 22 |

On April 10, 2024, the court dismissed plaintiff John Paul Mark Schowachert's case without prejudice for failure to prosecute and failure to comply with court orders. Doc. 18. Before the court are (i) plaintiff's motion docketed April 18, 2024, objecting to the dismissal of his case, along with his memorandum of points and authorities (Docs. 20–21), and (ii) plaintiff's motion docketed May 15, 2024, which states that plaintiff seeks to place the case back on the docket and to present new evidence of brain damage (Doc. 22). Liberally construed, plaintiff moves under Federal Rule of Civil Procedure 59(e) to amend the judgment and moves under Rule 60(b) for relief from the court's dismissal order and judgment. For the reasons set out below, the Court denies plaintiff's motions.

**I.   BACKGROUND**

Plaintiff, a state prisoner appearing pro se and in forma pauperis, brought this action under 42 U.S.C. § 1983, alleging that correctional officers at the Tuolumne County Jail conspired to murder him. Doc. 1. On August 4, 2023, the assigned magistrate judge issued an order to show cause ("OSC") directing plaintiff to show cause why the action should not be dismissed as time-barred and frivolous. Doc. 10. Plaintiff's complaint alleges that the events giving rise to the complaint occurred in January 2017, yet plaintiff did not file the complaint until June 2021, more than four years later. Doc. 1. Plaintiff did not respond to the OSC. *See* docket. Thereafter, on September 19, 2023, the magistrate judge issued findings and recommendations, recommending that the district court dismiss plaintiff's complaint without prejudice for failure to prosecute and failure to comply with court orders. Doc. 12.

On December 20, 2023, plaintiff filed an untimely objection stating that a prisoner transfer interfered with his ability to respond to the court. Doc. 15. The magistrate judge interpreted plaintiff's filing as a motion for an extension of time to respond to the OSC and granted plaintiff until January 22, 2024, to file a response. Doc. 16. The magistrate judge's order notified plaintiff that, if he failed to respond to the OSC by January 22, 2024, the findings and recommendations would be considered as submitted for consideration without objection. *Id.* at 2. Plaintiff failed to file a response. *See* docket. On April 10, 2024, the court adopted the magistrate judge's findings and recommendations in full and ordered the action dismissed without prejudice. Doc. 18. Judgment was entered the same day. Doc. 19.

Plaintiff's motion docketed on April 18, 2024, objects to the dismissal of his case. Doc. 20. To the extent discernible, plaintiff's motion and his memorandum of points and authorities appear to assert that his failure to prosecute was due to his brain injury and lack of notice of an unspecified court order. *See* Docs. 20, 21. Plaintiff attaches several medical records. Doc. 20 at 14; Doc. 21 at 8–9. Because plaintiff filed this motion within twenty-eight days of the entry of judgment, it will be considered both as a Rule 59(e) motion to alter or amend the judgment and as a motion under Rule 60(b) for relief from the dismissal order and judgment. *See* Fed. R. Civ. P. 59(e), 60(b).

Plaintiff's motion docketed on May 15, 2024, seeks to have the case placed back on the docket and to present new evidence of plaintiff's brain damage.[1] Doc. 22. This second motion was filed outside the 28-day window required by Rule 59(e), and the court construes it as a Rule 60(b) motion for relief from the dismissal order and judgment. *See* Fed. R. Civ. P. 60(b).

## II.   APPLICABLE LAW AND ANALYSIS

### A.  Legal Standard

1. Rule 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam)). In general, a Rule 59(e) motion may be granted on four grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A court may also consider other unusual circumstances in which relief may be appropriate under Rule 59(e). *Id.* (citing *McDowell*, 197 F.3d at 1255). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

"[C]ourts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, No. 3:17-CV-233-PK, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018). "Manifest injustice," within the meaning of Rule 59(e), "is not to be used as a

---

[1] Under the mailbox rule, plaintiff's motion (Doc. 22) is deemed filed on May 12, 2024, when plaintiff delivered it to prison authorities for mailing as reflected in plaintiff's proof of service (Doc. 22 at 11). *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

3

Trojan Horse to breach a court order for a second chance at litigating the same issue." *All. for the Wild Rockies v. U.S. Forest Serv.*, No. 1:19-cv-00445-BLW, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020). Similarly, "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. at 683. Merely disputing the findings of the court is insufficient to support the relief requested. *Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion."); *see also Mendoza v. Garland*, No. 3:21-cv-01968-JES-MMP, 2023 WL 6050581, at *2 (S.D. Cal. Sept. 15, 2023) ("mistake or excusable neglect" not recognizable basis for relief under Rule 59(e)).

### 2. Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be brought within a reasonable time, and, for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). Relief under Rule 60(b) "should be granted sparingly to avoid manifest injustice and *only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Navajo Nation v. Dep't of the*

*Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (internal quotations omitted).  To succeed on a Rule 60(b) motion, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *DeYoung v. On Habeas Corpus*, 2013 WL 1876120, at *2 (E.D. Cal. May 3, 2013).

### B. Rule 59(e) Motion

Plaintiff does not establish any basis for relief under Rule 59(e).  Plaintiff does not provide any evidence of a change in the controlling law or provide newly discovered evidence.  Nor has plaintiff set forth any facts to indicate a "direct, obvious and observable" manifest injustice or "plain and indisputable" manifest error.  Plaintiff does not dispute the underlying facts and analysis concerning his failure to prosecute that resulted in the dismissal order.  *See generally* Docs. 20, 21.  Moreover, plaintiff continues to fail to address the concerns raised in the magistrate judge's OSC on August 4, 2023, which directed plaintiff to show cause why plaintiff's claims should not be dismissed as frivolous and time barred.  Doc. 10.

### C. Rule 60(b) Motion

Under Rule 60(b)(1), courts are authorized to relieve parties from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."  Fed R. Civ. P. 60(b)(1).  Liberally construed, plaintiff's motions appear to argue that his failure to meet the Court's deadlines was excusable neglect.  The decision on a Rule 60(b)(1) motion lies with the sound discretion of the court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

Plaintiff fails to establish excusable neglect.  Whether a party's neglect is "excusable" under Rule 60(b)(1) is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  These circumstances include "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id*.  While the Court is sympathetic to plaintiff's medical condition, plaintiff does not establish any basis for relief under Rule 60(b)(1).  Plaintiff fails to provide any specific explanation for his failure to respond to the court's orders.

1   Moreover, plaintiff's motions do not address the statute of limitations issue and do not establish
2   any basis for plaintiff's claim, even though plaintiff has been on notice of these concerns since the
3   magistrate judge's August 4, 2023, OSC.

4       Nor is plaintiff entitled to relief under Rule 60(b)(6).  Rule 60(b)(6) is to be "used
5   sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where
6   extraordinary circumstances prevented a party from taking timely action to prevent or correct an
7   erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.
8   2006) (cleaned up).  Plaintiff has failed to establish either manifest injustice or that the Court's
9   order was in error.  The interests of finality and the conservation of judicial resources also do not
10  warrant the use of the extraordinary remedy plaintiff seeks.  *See United States v. Alpine Land &*
11  *Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  "Mere dissatisfaction with court's order or
12  belief that the court is wrong in its decision are not adequate grounds for relief under
13  Rule 60(b)(6)." *Brown v. Warden*, No 2:10-cv-2040 MCE KJN P, 2011 WL 2559428, at *2
14  (E.D. Cal. June 27, 2011).

15      Plaintiff has failed to establish any basis to alter or amend the judgment under Rule 59(e),
16  or for relief under Rule 60(b) from the court's dismissal order and judgment.

17      Accordingly, the Court ORDERS:
18      1. Plaintiff's motion objecting to the dismissal order, Doc. 20, is DENIED.
19      2. Plaintiff's motion to reopen case, Doc. 22, is DENIED.

22  IT IS SO ORDERED.

23      Dated:   June 25, 2024

                                    UNITED STATES DISTRICT JUDGE