UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>Plaintiff,<br><br>v.<br><br>BILL POLLEY,<br><br>Defendant. | Case No. 1:21-cv-01107-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Doc. 24 |

Before the court is plaintiff John Paul Mark Schowachert's motion for reconsideration of the dismissal of his case. Doc. 24. This is the second motion for reconsideration Schowachert has filed regarding the dismissal. Schowachert also requests the appointment of counsel. *Id.*

On April 10, 2024, the court dismissed Schowachert's case without prejudice for failure to prosecute and failure to comply with court orders. Doc. 18. On June 25, 2024, the court denied Schowachert's multiple motions (*see* Docs. 20, 21, 22) in which he objected to the dismissal of his case. Doc. 23. Schowachert renews his request for reconsideration, moving under Federal Rule of Civil Procedure 59(e) to amend the judgment and under Rule 60(b) for relief from the court's dismissal order and judgment. For the reasons set out below, the court denies the motion.

**I.  BACKGROUND**

Schowachert, a state prisoner appearing pro se and in forma pauperis, brought this action under 42 U.S.C. § 1983, alleging that correctional officers at the Tuolumne County Jail conspired to murder him.  Doc. 1.  On August 4, 2023, the assigned magistrate judge issued an order to show cause ("OSC") directing Schowachert to show cause why the action should not be dismissed as time-barred and frivolous.  Doc. 10.  Schowachert's complaint alleges that the events giving rise to the complaint occurred in January 2017, yet he did not file the complaint until June 2021, more than four years later.  Doc. 1.  Schowachert did not respond to the OSC.  *See* docket.  Thereafter, on September 19, 2023, the magistrate judge issued findings and recommendations, recommending that the district court dismiss Schowachert's complaint without prejudice for failure to prosecute and failure to comply with court orders.  Doc. 12.

On December 20, 2023, Schowachert filed an untimely objection stating that a prisoner transfer interfered with his ability to respond to the court.  Doc. 15.  The magistrate judge interpreted the filing as a motion for an extension of time to respond to the OSC and granted Schowachert until January 22, 2024, to file a response.  Doc. 16.  The magistrate judge's order notified Schowachert that, if he failed to respond to the OSC by January 22, 2024, the findings and recommendations would be considered as submitted for consideration without objection.  *Id.* at 2.  Schowachert failed to file a response.  *See* docket.  On April 10, 2024, the court adopted the magistrate judge's findings and recommendations and ordered the action dismissed without prejudice.  Doc. 18.  Judgment was entered the same day.  Doc. 19.  Schowachert filed objections to the dismissal order, a supporting memorandum of points and authorities, and an additional motion to reopen the case.  Docs. 20, 21, 22.  The court denied the requests on June 25, 2024, concluding that Schowachert failed to address the fundamental concerns raised by the magistrate judge's OSC, which directed him to show cause why his claims were not frivolous and time barred.  Doc. 23 at 5–6.

Schowachert's present motion for reconsideration re-raises the same argument he has previously made – that his failure to prosecute was due to his brain injury.  Doc. 24 at 1–2.  He also attaches several medical records.  *Id.* at 5–7.  While the records indicate Schowachert

suffered a serious medical issue in January 2017, they do not provide any support for his motion for reconsideration.[1]  Because Schowachert filed this motion more than twenty-eight days after the entry of judgment, Rule 59(e) does not apply, and it will be considered as a motion under Rule 60(b) for relief from the dismissal order and judgment.  *See* Fed. R. Civ. P. 59(e), 60(b).

## II.  APPLICABLE LAW AND ANALYSIS

### A.  Legal Standard

#### 1. Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be brought within a reasonable time, and, for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1).  Relief under Rule 60(b) "should be granted sparingly to avoid manifest injustice and *only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (internal quotations omitted).  To succeed on a

---

[1] These records indicate that, on the morning of January 13, 2017, Schowachert was found unresponsive and in a seizure on the floor of his cell, he did not show signs of external trauma, and he tested positive for methamphetamine use.  *Id.* at 7.

3

Rule 60(b) motion, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *DeYoung v. On Habeas Corpus*, 2013 WL 1876120, at *2 (E.D. Cal. May 3, 2013).

**B. Rule 60(b) Motion**

Under Rule 60(b)(1), courts are authorized to relieve parties from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). The decision on a Rule 60(b)(1) motion lies with the sound discretion of the court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

Schowachert fails to establish excusable neglect. Whether a party's neglect is "excusable" under Rule 60(b)(1) is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. While the court remains sympathetic to Schowachert's medical condition, he does not establish any basis for relief under Rule 60(b)(1). Schowachert does not address the statute of limitations issue and does not establish any basis for his claim, even though Schowachert has been on notice of these concerns since the magistrate judge's August 4, 2023, OSC.

Nor is Schowachert entitled to relief under Rule 60(b)(6). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (cleaned up). Schowachert has failed to establish either manifest injustice or that the court's order was in error. The interests of finality and the conservation of judicial resources also do not warrant the use of the extraordinary remedy plaintiff seeks. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Mere dissatisfaction with court's order or belief that the court is wrong in its decision are not adequate grounds for relief under

Rule 60(b)(6)." *Brown v. Warden*, No 2:10-cv-2040 MCE KJN P, 2011 WL 2559428, at *2 (E.D. Cal. June 27, 2011). Accordingly, Schowachert has failed to establish any basis for relief under Rule 60(b) from the court's dismissal order and judgment.

Schowachert's request for the appointment of pro bono counsel is denied as moot. His underlying claims are time-barred, and Schowachert has not otherwise shown exceptional circumstances indicating a likelihood of success on the merits. The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1977), did not create a right to appointment of counsel in civil cases). Motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978).

### III. CONCLUSION AND ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motion for reconsideration (Doc. 24) is DENIED.

IT IS SO ORDERED.

Dated:   July 12, 2024

UNITED STATES DISTRICT JUDGE

5